Dennis V. Tobolski, Esq. County Attorney, Cattaraugus
You have asked whether the same person may hold the positions of grand jury stenographer and personal secretary to the district attorney.
Under section 321 of the Judiciary Law, the district attorney is given the responsibility of appointing a stenographer to take testimony given before grand juries in the county. These stenographers must be citizens and residents of the county in which they serve (Judiciary Law, § 322). Because of the confidential nature of the position, the question has arisen whether the district attorney can appoint his personal secretary to serve as grand jury stenographer.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The immediate situation does not raise any issue of subordination. Nor is there any apparent conflict of interest between the duties of the two positions. Grand jury stenographers take and file oaths that they "will keep secret all matters and things occurring before such grand juries" (Judiciary Law, § 323). Violation of that oath is a misdemeanor (id., § 326). Moreover, the district attorney or assistant district attorneys are present throughout the grand jury proceeding. The stenographer will not have learned anything at the grand jury that the district attorney's office is not already aware of, eliminating any temptation or reason to reveal this information.
Furthermore, the personal secretary to the district attorney is not charged with responsibility to enforce laws or detect crime. Similarly, the stenographer does not exercise discretionary duties. We see no opportunity for conflict between the duties of the two offices.
Accordingly, we conclude that the same person may serve as a grand jury stenographer and the personal secretary to the district attorney.